UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIGAN LABORERS' HEALTH CARE FUND, et al., | |
| Plaintiffs, | Case No. 21-12355 Honorable Laurie J. Michelson |
| v. | |
| SALISBURY LAWN SERVICE, L.L.C., d/b/a SALISBURY LANDSCAPE GROUP, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LABORERS' LOCAL UNION 1191, | |
| Third-party Defendant. | |

**OPINION AND ORDER GRANTING IN PART
THE JOINT MOTION FOR RECONSIDERATION [32]**

After granting three motions to extend the deadlines in this case, the Court set a dispositive motion deadline of April 28, 2023. (*See* ECF Nos. 26–30.) On April 25, 2023, the parties filed a fourth joint motion to extend the deadlines, explaining only that the parties needed an additional 30 days to "permit sufficient time for dispositive motions—which must address issues relating to the Third-Party Complaint." (ECF No. 31.) The next day, the Court denied the motion in a text-only order, explaining that merely expressing a need for more time to prepare was not "good cause" for an

extension. *See* Federal Rule of Civil Procedure 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The parties have now filed an emergency motion for reconsideration of that order under Eastern District of Michigan Local Rule 7.1(h). (ECF No. 32.) The motion repeatedly emphasizes that the parties "*jointly*" moved for additional time, and it explains for the first time that senior counsel is experiencing a "sensitive family emergency[.]" (*Id.* at PageID.397.) It continued: "Out of discretion for the confidential and sensitive nature of the personal and family matter . . . associate counsel did not divulge this information in the original motion." (*Id.*) They ask the Court to "suspend the operation of the Local Rules" for "good cause shown." (ECF No. 32, PageID.403.)

The parties again fumble the ball. For starters, motions for reconsideration are "disfavored." E.D. Mich. LR 7.1(h)(2). And, as the parties recognize, the Local Rule is "narrow." (ECF No. 32, PageID.403.) Indeed, such a motion may "only" be brought on three grounds: that the Court made a mistake, that there has been an intervening change in the controlling law, and that "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2).

None of the listed grounds are applicable here. First, the parties do not argue that the Court was mistaken when it found that the motion to extend failed to satisfy the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4). *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC,* 988 F.3d 260, 272 (6th Cir. 2021) ("The primary measure of Rule 16's 'good cause' standard is the moving party's

diligence in attempting to meet the case management order's requirements."). Despite the use of italics, that the motion was filed "*jointly*" is irrelevant. *See* Fed. R. Civ. P. 16(b)(4). Second, the law on this issue has not changed since yesterday. And finally, no new facts have been discovered—the parties acknowledge that they chose to omit the reason an extension was needed.

Perhaps the parties recognize that they failed to satisfy either Rule 16(b)(4) or Local Rule 7.1(h). So they ask the Court to "suspend the operation of the Local Rules." (ECF No. 32, PageID.403 (citing E.D. Mich. LR 1.2).) The Court declines the invitation. That rule—titled "Emergency Suspension of the Local Rules"—also requires "good cause." *See* E.D. Mich. LR 1.2. But for reasons already explained, none of this amounts to good cause, and certainly not to the extent of suspending the local rules. And, again, the parties do not even argue that it does.

Nonetheless, the Court GRANTS IN PART the motion. It will extend the dispositive motion deadline to May 12, 2023 to accommodate counsel's "sensitive family emergency." *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (explaining that courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

SO ORDERED.

Dated: April 27, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

3